### DE ANGELIS v. BANK FOR SAVINGS.

(Supreme Court, Appellate Term. February 8, 1912.)

1. GIFTS (§ 82*)—CAUSA MORTIS—EVIDENCE—SUFFICIENCY.
    Evidence *held* to sustain a gift causa mortis of a bank deposit.
    [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 154, 155; Dec. Dig. § 82.*]

2. GIFTS (§ 59*)—CAUSA MORTIS—REQUISITES.
    While a mere meticulous fear of death will not support a gift causa mortis, where there is a present illness or other menace of such nature as to reasonably cause apprehension by the donor that death may result therefrom, there may be a valid gift.
    [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 108; Dec. Dig. § 59.*]

Appeal from City Court of New York, Trial Term.

Action by Giuseppina De Angelis against the Bank for Savings. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Michael O. Rini (George A. Baker, of counsel), for appellant.

Strong & Cadwalader (Arthur C. Patterson, of counsel), for respondent.

HOTCHKISS, J. The action was brought to recover moneys deposited with the defendant by one Autilio, deceased; the plaintiff claiming that the book, representing the deposited moneys, had been given to her by the deceased as a donatio causa mortis. The deceased was a brother of the plaintiff, was about 26 years old at the time of his death, unmarried, and was living with the plaintiff at the time of the alleged gift. The plaintiff and two apparently disinterested friends of the deceased were called as witnesses, and their testimony tended to show that the deceased, while ill, confined to his bed at plaintiff's home, and about to be taken to a hospital for treat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment, delivered to plaintiff two savings bank books, one issued to him by an "Italian bank," and another, being the one issued to him by the defendant. At this time the deceased told the plaintiff that the moneys represented by the book issued by the "Italian bank" would cover the expenses of his illness and of his funeral, if he died, and the other, the book issued by the defendant, he gave to plaintiff for her own use, in case he died. In the event of his recovery, both books were to be returned to him. Two days later the deceased was taken to the hospital, where he remained until he died, four weeks later. The trial court held the above to be insufficient to go to the jury.

[1, 2] In this, I think the learned court erred. While meager, the evidence was sufficient prima facie. It is true that a mere meticulous fear of death, not associated with any present circumstance, reasonably sufficient to arouse apprehension, will not support a gift causa mortis. But where there is a present illness or other menace of such a nature as to reasonably cause an anticipation or apprehension in the mind of the donor that death may result therefrom, the requisites in this regard of such a gift sufficiently appear. The evidence in this case and the inferences reasonably to be drawn therefrom presented a state of facts justifying a finding supporting the gift in question. Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; Williams v. Guile, 117 N. Y. 343, 22 N. E. 1071, 6 L. R. A. 366.

It is not improper to add that any fears entertained by the defendant, lest this case should become a precedent for enlarging the range of circumstances validating gifts causa mortis, are entirely unfounded, because the facts testified to, if believed, are well within the authorities sustaining such gifts. If the defendant entertains doubt concerning the truth of the testimony, a more thorough cross-examination, on the new trial, than was indulged in on the previous trial, will doubtless disclose the truth.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.